IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REBECCA MILAN,

Plaintiff,

v.

ANITA KOTAMRAJU RAMA, M.D., et al.,

Defendants.
_______________________________________/

No. C-13-3796 MMC

**ORDER GRANTING BOSTON SCIENTIFIC CORPORATION'S MOTION FOR STAY; VACATING OCTOBER 11, 2013 HEARINGS; VACATING CASE MANAGEMENT CONFERENCE**

Before the Court is defendant Defendant Boston Scientific Corporation's ("Boston Scientific") motion, filed September 6, 2013, to "Stay All Proceedings Pending a Transfer by the Judicial Panel on Multidistrict Litigation." Plaintiff Rebecca Milan ("Milan") and defendant Anahat Sandhu, M.D. ("Dr Sandhu") have separately filed oppositions thereto; defendant Anita Kotamraju Rama, M.D. ("Dr. Rama") has filed a Notice of Joinder, by which she joins in Dr. Sandhu's opposition. Boston Scientific has filed a single reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for October 11, 2013, and rules as follows.

In her complaint, Milan alleges that she consulted with Dr. Sandhu and Dr. Rama "regarding her stress urinary incontinence," and that said physicians recommended she be implanted with "the Lynx synthetic mesh system" (<u>see</u> Compl. ¶ 15), a product

manufactured and sold by Boston Scientific (see Compl. ¶ 8). Milan alleges that Boston Scientific "concealed, suppressed, omitted, and misrepresented the risks, dangers, defects, and disadvantages of the Lynx" and "knew that Lynx synthetic mesh systems would cause, and did cause, serious medical problems." (See Compl. ¶ 10.) Milan further alleges that Dr. Sandhu and Dr. Rama "failed to advise and warn [her] of the possible consequences and dangers involved in the examination, diagnosis, care, and treatment that they proposed" (see Compl. ¶ 46), and that said physicians, in implanting into her the synthetic mesh system, acted in a "careless and negligent" manner (see Compl. ¶ 40). According to Milan, after the product was implanted, she "experienced extreme pain and discomfort" and was required to undergo a second surgery to remove it, which second surgery caused Milan "extreme and chronic pain." (See Compl. ¶ 18.) Based on the above factual allegations, Milan asserts claims for "medical negligence" and "lack of informed consent" against Dr. Sandhu and Dr. Rama,[1] and claims for "strict product liability - failure to warn," "strict liability," and "negligence" against Boston Scientific.

Thousands of complaints raising product liability claims regarding Boston Scientific's synthetic mesh systems are pending in a coordinated proceeding in the Southern District of West Virginia, titled In re: Boston Scientific Corp. Pelvic Repair System Products Liability Litigation, MDL No. 2326. (See Awong Decl., September 6, 2013 ¶ 4, Ex. A.) On August 21, 2013, the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferred the instant action to the Southern District of West Virginia. See In re: Boston Scientific Corp. Pelvic Repair System Products Liab. Litig., MDL No. 2326, Doc. No. 662. On August 27, 2013, Milan filed a motion to vacate the conditional transfer order, see id. Doc. No. 696, in which Dr. Rama joined, see id. Doc. No. 798, and, on October 2, 2013, Boston Scientific filed opposition thereto, see id. Doc. No. 832. Consequently, the issue of the propriety of the transfer is currently pending before the JPML.

---

[1]Milan initially named the Diablo Valley Women Ob/Gyn Medical Group, Inc. as an additional defendant to her claims for medical negligence and lack of informed consent, but voluntarily dismissed her claims against said defendant while the action was pending in state court. (See Dr. Rama's Req. for Judicial Notice, filed September 10, 2013, Ex. A.)

Boston Scientific requests this Court issue an order staying proceedings in the instant action pending the JPML's determination as to whether transfer is appropriate. Other than defendant's motion to stay, the matters pending before the Court are Milan's motion to remand and Boston Scientific's motion to dismiss, both of which are fully briefed. Accordingly, the issue now presented is whether the Court should consider the merits of the motion to remand and, if denied, the merits of the motion to dismiss, or, instead, stay the instant action with the understanding that, in the event of transfer, the motions will be heard by the transferee court.

Because a decision as to whether the instant action is to be transferred will, in all likelihood, be made shortly by the JPML, the stay sought by Boston Scientific likely will be of limited duration. In light of the anticipated brevity of the stay, and no significant prejudice resulting from such stay having been identified by any party,[2] the Court, in the interests of conserving judicial resources and promoting consistency in the determination of common issues,[3] finds a stay of the proceedings is appropriate. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal 1997) (identifying factors for court to consider when determining whether to stay action pending decision by JPML).

Accordingly, Boston Scientific's motion for a stay is hereby GRANTED.

//

//

//

---

[2]Contrary to Dr. Sandhu's argument that the transferee court has not heard any motions to remand in cases comprising the MDL proceedings, said court has not only heard but also resolved at least two such motions. See Flores v. Ethicon, Inc., 2013 WL 1561115 (S.D. W.V. April 10, 2013); Selfridge v. Boston Scientific Corp., 2013 WL 1390680 (S.D. W.V. April 4, 2013).

[3]The issue presented in Milan's motion to remand, whether product liability claims are properly joined in a complaint with medical malpractice claims, has been raised by motions to remand filed in cases recently transferred to the Southern District of West Virginia. See, e.g., Thomas-Lanska v. Hanna, Case No. 13-14330; Cooper v. Siddighi, Case No. 13-14388. Further, whether California recognizes a claim for strict liability based on the design of a medical device, an issue raised in Boston Scientific's motion to dismiss, will likely be raised by Boston Scientific in response to complaints filed by other California plaintiffs and now pending in MDL No. 2326.

In light of the stay, the October 11, 2013 hearings on the motion to remand and motion to dismiss are hereby VACATED, as is the Case Management Conference scheduled for November 15, 2013.

**IT IS SO ORDERED.**

Dated: October 3, 2013

MAXINE M. CHESNEY
United States District Judge